IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL K. MATTOX,

                    Plaintiff,

          v.                              CASE NO.  07-3320-SAC

SECRETARY OF CORRECTIONS
ROGER WERHOLTZ, et al.,

                    Defendants.

                        O R D E R

          This civil rights complaint was filed by an inmate of the

Larned Correctional Mental Health Facility, Larned, Kansas (LCMHF).

Plaintiff names as defendants Roger Werholtz, Secretary of

Corrections for the State of Kansas; and Dr. Patel.  Plaintiff has

also filed an Application to Proceed Without Prepayment of Fees

(Doc. 2).

          As the factual basis for his complaint, Mr. Mattox alleges

that on July 9, 2007, defendant Dr. Patel ordered that he receive

forced injections of psychotropic drugs.  He alleges defendant

Werholtz denied his grievance on August 27, 2007.  He asserts his

right under the Eighth Amendment to be free of cruel and unusual

punishment, including assault and battery, was violated.  Plaintiff

seeks one billion dollars for pain and suffering and one billion

dollars for mental anguish.

          Mr. Mattox alleges he has filed administrative grievances.

His exhibits include a grievance he filed on July 26, 2007,

claiming defendant Dr. Patel placed him on forced medication even though he was simply in a great mood.  He also claimed he is not a schizophrenic as diagnosed.  He sought relief including one trillion dollars and release from prison.  The Unit Team's administrative response on the grievance indicated staff reported Mr. Mattox was "experiencing increased psychotic symptoms" was "unpredictable and had been showing aggressive behavior," and was "put on involuntary medication status to prevent self harm or harm to others."  The response of the Principal Administrator at LCMHF further indicates Mr. Mattox was present at a due process hearing with his unit team representative, where they discussed his placement on involuntary medication status, and at the conclusion of the hearing it was decided it was appropriate for him to receive medication involuntarily if he refused to take it on his own.  An appeal was filed on his behalf by LCMHF mental health staff, and the hearing results were upheld by Dr. Rieger on July 11, 2007. Plaintiff was advised that his rights were not violated and injection of medication ordered by a doctor does not constitute battery.  Plaintiff appealed to the Secretary of Corrections, stating the Principal Administrator should have given him one trillion dollars and released him from prison.  The SOC affirmed the response provided by the facility staff.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff seeks leave to proceed without prepayment of fees (Doc. 2).  He is reminded that under the Prison Litigation Reform

Act a prisoner litigant is required to pay the full district court filing fee of $350.00 for each civil action he files[1].  28 U.S.C. § 1915(b)(1).  The granting of leave merely entitles him to pay the filing fee over time with periodic payments deducted from his inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Plaintiff was granted leave to proceed without prepayment of fees in a prior action and has an outstanding fee obligation in that action, Case No. 07-3319.  Because any funds advanced to the court by plaintiff on his behalf must first be applied to plaintiff's outstanding fee obligations, the court grants plaintiff leave to proceed without prepayment of fees in the instant matter. Collection of the full district court filing fee in this case shall begin upon plaintiff's satisfaction of his prior obligation in Case No. 07-3319.

**SCREENING**

Because Mr. Mattox is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

---

[1]     The court notes Mr. Mattox has simultaneously filed three other lawsuits, and reiterates he will be obligated to pay the filing fee of $350.00 in each of his cases.

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). A "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10 Cir. 1991). However, the court cannot assume the role of advocate for the pro se litigant, and a broad reading of the complaint does not relieve the plaintiff of the burden of alleging sufficient facts to state a claim on which relief can be based. Id. (Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**FAILURE TO ALLEGE PERSONAL PARTICIPATION BY DEFENDANT WERHOLTZ**

In order for a particular defendant to be held liable for money damages in a civil rights action, plaintiff must allege facts showing the individual's personal participation in the allegedly unconstitutional acts upon which the complaint is based. Plaintiff's action is based upon the ordering of forced medication

4

by defendant Dr. Patel.  Secretary Werholtz is not alleged to have participated in any fashion, and his supervisory position is not a sufficient basis for liability.  Plaintiff's bald statement that Werholtz denied his grievance is not sufficient to evince this defendant's personal participation in alleged illegal acts. Consequently, this action must be dismissed against defendant Werholtz unless plaintiff supplements his complaint with factual allegations describing how Werholtz actually participated in the alleged unconstitutional conduct.

**FAILURE TO ALLEGE FACTS TO SUPPORT AN EIGHTH AMENDMENT CLAIM**

        In addition, Mr. Mattox does not allege sufficient facts indicating that the prison physician's order to administer psychotropic drugs to him over his objection amounted to a violation of his federal constitutional rights.  See Sconiers v. Jarvis, 458 F.Supp. 37, (D.Kan. 1978).  Exhibits provided by plaintiff with his complaint indicate he has been diagnosed with schizophrenia, that he was exhibiting psychotic behavior, and that a hearing was conducted and the results of the hearing were affirmed in connection with the decision to administer drugs involuntarily to plaintiff.  In Washington v. Harper, 494 U.S. 210, 221 (1990), the Supreme Court analyzed substantive and procedural standards required to justify forced medication in the context of the prison environment under the due process clause of the

5

Fourteenth Amendment[2].  The court held that a mentally ill inmate may be treated involuntarily with antipsychotic drugs where there is a determination that "the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." Washington, 494 U.S. at 227; see also Jurasek v. Utah State Hosp, 158 F.3d 506, 509 (10th Cir. 1998).  Plaintiff does not allege facts indicating the hearing provided was without procedural due process.

Moreover, claims under the Eighth Amendment have two elements: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind."  Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir. 1996).  The objective component requires an "extreme deprivation" denying a "minimal civilized measure of life's necessities."  Hudson v. McMillian, 503 U.S. 1, 9 (1992).  The subjective component requires that, in order to be held liable, the defendant official must act with deliberate indifference to the prisoner's health or safety.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Plaintiff alleges no facts indicating either an extreme deprivation or a sufficiently culpable state of mind on the part of either defendant.  His allegations that the injections are painful do not support the inference that defendant Dr. Patel acted with

---

[2]In Washington v. Harper, the Supreme Court balanced the defendant's liberty interest in refusing antipsychotic drugs against the state's interests and held that due process does not require a judicial hearing before prison officials force medicate an inmate.  Id. at 227-32; see also Jurasek, 158 F.3d at 510. The Court noted that inmate interests are adequately protected by allowing medical professionals to make the decision to medicate.  See also Riggins v. Nevada, 504 U.S. 127 (1992).

deliberate indifference to plaintiff's health or safety.  Nor does an inmate's disagreement with the nature or type of medical care provided present a constitutional claim.  Plaintiff has a right to medical care, not to a type personally desirable to him.  <u>Henderson v. Secretary of Corrections</u>, 518 F.2d 694 (10th Cir. 1975); <u>Coppinger v. Townsend</u>, 398 F.2d 392 (10th Cir. 1968).

The court assumes the truth of plaintiff's factual allegations in his complaint that defendant Dr. Patel ordered he be injected with psychotropic drugs against his will.  The court finds these facts, particularly when viewed together with the portions of the administrative record provided by plaintiff with his complaint, do not state a claim of federal constitutional violation.

Plaintiff will be given time to submit a "Supplement to Complaint" containing additional facts to show personal participation by defendant Werholtz and to support a claim of federal constitutional violation in accord with the foregoing Order.  If he fails to submit a "Supplement to Complaint" within the time allotted by the court, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to file a "Supplement to Complaint" stating additional facts showing personal participation by defendant

7

Werholtz and additional facts sufficient to support a federal constitutional claim.

The Clerk is directed to transmit a copy of this Order to the finance officer at the institution where plaintiff is currently confined.

**IT IS SO ORDERED**.

Dated this 9th day of January, 2008, at Topeka, Kansas.



s/Sam A. Crow
U. S. Senior District Judge

8